IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JUN -3 P 5: 30

CLERK'S OFFICE
AT GREENBELT

BY_____ DEPUTY

| | |
|---|---|
| **MBR CONSTRUCTION SERVICES, INC.,** | * |
| Plaintiff, | * |
| v. | *    Case No.: GJH-15-14 |
| **LIBERTY MUTUAL INSURANCE CO., et al.,** | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff, MBR Construction Services, Inc. ("MBR") initiated this action on January 5, 2015 against Sigal Construction Corporation ("Sigal") and Sigal's surety, Liberty Mutual Insurance Co. (collectively, "Defendants"), for money allegedly owed to MBR for its work on a construction project, on which Sigal served as the general contractor and MBR served as an electrical subcontractor. *See* ECF No. 1. On February 22, 2016, the Court stayed this action pending the exhaustion of certain contractual dispute resolution procedures, namely, litigation between Sigal and the owner of the project, the Prince George's County Public School System ("PGCPS" or "Owner") related to delays on the project. *See MBR Constr. Servs., Inc. v. Liberty Mut. Ins. Co.*, No. GJH-15-14, 2016 WL 727107 (D. Md. Feb. 22, 2016). MBR has filed a Motion for Reconsideration of that decision. ECF No. 25. The Motion has been fully briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md.). The Court assumes knowledge of the pertinent facts and procedural history contained in its earlier opinion and will discuss only those

facts that are relevant to the resolution of this Motion. For the reasons that follow, the Motion is denied.

Although MBR does not cite to a particular Federal Rule permitting reconsideration of the Court's prior decision, *see* ECF No. 25 at 4–5,[1] because no final judgment has been entered in this case, MBR's Motion is controlled by Rule 54(b) of the Federal Rules of Civil Procedure. That rule provides, in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b); *see also Cezair v. JPMorgan Chase Bank, N.A.*, No. CIV.A. DKC 13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469–70 (4th Cir. 1991)) ("It is well-established that the appropriate Rule under which to file motions for reconsideration of an interlocutory order is Rule 54(b)."). The power to grant relief under Rule 54(b) "is committed to the discretion of the district court." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (citing *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12, 103 S.Ct. 927 (1983)).

The United States Court of Appeals for the Fourth Circuit has not defined the precise standard governing a motion for reconsideration under Rule 54(b). *See Fayetteville*, 936 F.2d at 1472. Courts in this district have, however, frequently looked toward the standards articulated in Rules 59(e) and 60(b) for guidance in considering such motions. *See Cezair*, 2014 WL 4955535, at *1 (citing *Akeva, LLC v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005)). Thus, "[m]ost courts have adhered to a fairly narrow set of grounds on which to reconsider their

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

interlocutory orders and opinions. Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Akeva*, 385 F. Supp. 2d at 565–66; *see also Innes v. Bd. of Regents of the Univ. Sys. of Md.*, 121 F. Supp. 3d 504, 506–07 (D. Md. 2015) (applying this three-part test when evaluating a motion for reconsideration under Rule 54(b)). Importantly, "a motion to reconsider is not proper where it only asks the Court to rethink its prior decision, or presents a better or more compelling argument that the party could have presented in the original briefs on the matter." *Boykin Anchor Co. v. Wong*, No. 5:10-CV-591-FL, 2012 WL 937182, at *2 (E.D.N.C. Mar. 20, 2012); *cf. Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (noting that "mere disagreement" with the court's ruling does not support a motion to alter or amend the judgment).

MBR first argues that reconsideration is warranted because "a significant change in facts" occurred after briefing had concluded on Defendants' Motion to Dismiss, or in the Alternative, to Stay this Action Pending the Exhaustion of Dispute Procedures (the "Motion to Dismiss/Stay"). Specifically, after MBR filed its opposition to the Motion to Dismiss/Stay, it learned that PGCPS had paid Sigal for multiple change orders that significantly increased MBR's contract amount. Sigal indicated, however, that it was withholding $464,337 of that payment from MBR under a provision of the contract that permitted Sigal to "withhold amounts otherwise due under th[e] Subcontract Agreement . . . to compensate Sigal for costs Sigal . . . may incur for which [MBR] may be responsible . . . ." ECF No. 7-2 at 2; *see also* ECF No. 25-2. MBR contends that, because PGCPS has paid Sigal on these particular change orders, MBR's claim to the $464,337 is not an "Owner-Related Claim[]," *see* ECF No. 7-2 at 8, and is therefore not subject to exhaustion under

3

the contract dispute resolution procedures, *see* ECF No. 25 at 6–7. After MBR became aware of Sigal's withholding of the $464,337, it filed a Motion for Leave to Amend its Complaint to add a count related to this payment withholding, as well as a Motion for Pre-Judgment Attachment. ECF Nos. 12 & 13. Both of these motions were pending—and were ruled upon, albeit not on the merits—at the time the Court ruled on Defendants' Motion to Dismiss/Stay. In this sense, Sigal's withholding of funds does not constitute "additional evidence that was not previously available," *Akeva*, 385 F. Supp. 2d at 566, insofar as this evidence was before the Court prior to the Court's ruling on Defendants' Motion to Dismiss/Stay. Notably, MBR did not request leave to file any supplemental briefing in opposition to Defendants' Motion to Dismiss/Stay or otherwise indicate that this change in facts should have altered the Court's ruling on that Motion.

In ruling on Defendants' Motion to Dismiss/Stay, the Court reviewed the language of the Parties' contract and determined that it required that MBR's litigation against Sigal must yield to the dispute resolution procedures provided for in the contract. *See MBR Constr. Servs.*, 2016 WL 727107 at *3. MBR has provided no reason for the Court to rethink that decision. *See Pritchard v. Wal Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001) (noting that when a motion for reconsideration "raises no new arguments, but merely requests the district court to reconsider a legal issue or to 'change its mind,' relief is not authorized."). MBR seems to argue, however, that it should be permitted to pursue the present litigation in a piecemeal fashion, seeking first the $464,337 that it alleges Sigal is wrongfully withholding, while MBR's remaining claims await resolution of the currently-pending state court litigation between Sigal and PGCPS.[2] Even assuming the language of the contract would allow for such fragmented litigation, the Court may

---

[2] While not explicitly stated as such, this is the only logical conclusion to be drawn from MBR's reliance on the $464,337 as a "new fact" requiring reconsideration when it has alleged that it is "owed approximately $1,175,595 for . . . extra work approved by Sigal and performed by MBR." *See* ECF No. 1 at ¶ 16. Otherwise, MBR is merely restating already rejected arguments regarding whether these are Owner-Related Claims.

stay an action in the exercise of its discretion as part of its inherent power to control its own docket.[3] *See Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163 (1936). Courts have found such a discretionary stay to be appropriate where, for instance, some claims are subject to arbitration or other informal dispute resolution procedures while others are not. *See, e.g., Am. Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 97 (4th Cir. 1996) (citations omitted) ("Enforcement of agreements to arbitrate . . . may require piecemeal litigation, and the decision to stay the litigation of non-arbitrable claims or issues is a matter largely within the district court's discretion to control its docket."); *Allstate Ins. Co. v. Hemingway Homes LLC*, No. 12-CV-00744-AW, 2012 WL 4748089, at *3 (D. Md. Oct. 3, 2012) (staying action which involved both arbitrable and nonarbitrable claims, even though one party to the litigation was not a party in the arbitration proceedings, where claims involved "same nucleus of facts" and noting that "staying the proceedings . . . promotes judicial economy by preventing the same set of facts from being litigated in two separate forums" and "prevents the possibility of inconsistent results"). This reasoning applies here: staying only some of MBR's claims against Sigal, while permitting others to proceed, would result in unnecessary piecemeal litigation. Although the contract dispute resolution procedures may be perceived by MBR to be imperfect, they are not inadequate to resolve the Parties' dispute.[4] If at the conclusion of the litigation between Sigal and PGCPS, MBR is not made whole by Sigal, MBR can then move to lift the stay of this litigation.

---

[3] The contract provides that "as a precondition to initiating *any action* . . . against Sigal or its bonding company, [MBR] agrees that it shall exhaust through Sigal the remedies available under the Contract Documents for Owner-Related Claims, including the initiation of litigation or arbitration, as applicable, against Owner through Sigal." ECF No. 7-2 at 8 (emphasis added).

[4] For this reason, the Court will deny MBR's alternate request to lift the stay so that it may file suit against Sigal in state court and seek to consolidate such an action with Sigal's action against PGCPS. *See* ECF No. 25 at 8–10. Notably, MBR has not cited any legal authority to support its position that it is entitled to such relief beyond the argument already refuted. Moreover, contrary to MBR's contention, judicial economy would not be served by permitting it to attempt to consolidate its claims with those Sigal has filed against PGCPS insofar as Sigal would have the right to raise the same claims related to exhaustion of contractual dispute resolution procedures in that action, essentially putting the Parties in the position they were in when this action was initiated.

Finally, although MBR next argues that the Court clearly erred by misapplying the standard for a motion to dismiss, *see* ECF No. 25 at 7, the Court ultimately did not construe Sigal's Motion as one to dismiss the Complaint, but rather as one to stay the action pending exhaustion of the contractual dispute resolution procedures. *See MBR Constr. Servs.*, 2016 WL 727107 at *2 (assuming truth of the facts alleged in the Complaint and concluding that dismissal would not be appropriate). Relatedly, MBR argues that it was improper for the Court to rely on documents outside of the pleadings, namely, MBR's "request for equitable adjustment" that was presented during the mediation with PGCPS and Sigal. *See id.* at *3 n.4. It is worth noting, first, that although a court is prohibited from considering most documents outside of the pleadings on a motion to dismiss, no similar restriction exists with respect to a court's consideration on a motion to stay. Second, the Court's reference to the request for equitable adjustment in a footnote was not necessary to the Court's analysis; rather, the Court's decision to stay the action was based on the Court's interpretation of the relevant contract provisions.

Accordingly, it is hereby **ORDERED**, by the United States District Court for the District of Maryland, that MBR's Motion for Reconsideration, ECF No. 25, is **DENIED**.

Dated: June 3, 2016

/s/ 
GEORGE J. HAZEL
United States District Judge